The court agreed in opinion on this question, that such evidence as would be sufficient under the limitation acts of 1712, and 1787, to protect a- defendant in possession, against whom an action is brought to try his title to land, on the ground of his having" acquired by length of possession, uninterrupted by any suit at law in behalf of the plaintiff, under a title which might have been defeasible, an indefeasible title, by force of either of those acts' of limitation, would be sufficient to authorise a purchaser, at sheriff’s sale, of land, to recover the'land in an action brought for that purpose ; he proving that the person, whose right, title, and interest, to, and in the land, which he had so purchased, had such possessory right and title'of possession, if the same had been disputed' in an action at’ law, at the time of such sale. 15'Yin. Abr. 105. Twenty years uninterrupted possession, is a good- title in ejectment, by A. who is-out of possession, against B. who is in possession. 2 Salk. 421. And as the jury Bad received'' evidence of Edmonson’s- having occupied, and claimed title to the land, for five years prior to the 4th of July, 1770, which they might have considered as sufficient to entitle him to the land, under the act of 1787, P. L. 428, if the judge, who presided at the trial, had stated to them the law in that respect, and left it to their decision, upon a due consideration of the evidence to that point, they thought the plaintiff, on this ground also,entitled to a new trial.
New trial granted.